

**GRAVES DOUGHERTY HEARON & MOODY**
A Professional Corporation

**Matthew Baumgartner**
512.480.5603
512.536.9913 (fax)
mbaumgartner@gdhm.com

MAILING ADDRESS:
P.O. Box 98
Austin, TX  78767-9998

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2018 8:00:00 AM
JEFFREY D. KYLE
Clerk

December 29, 2017

Jeffrey D. Kyle
Clerk of Court
Third District Court of Appeals, Austin
209 W 14th St., Room 101
Austin, TX  78701

> *Re:* **Case No. 03-17-0081-CV;** *PHI Air Medical, LLC v. Texas Mutual Insurance Company, et al. and The Texas Department of Insurance, Division of Workers' Compensation*

Dear Mr. Kyle:

Please submit this letter reply of Insurer Appellees Texas Mutual Insurance Company, *et al.* to Justices Puryear, Field and Bourland.

PHI's December 19, 2017 letter acknowledges that "some" workers compensation laws regulate the business of insurance. PHI's effort to avoid McCarran-Ferguson's plain text boils down to its urging of a bright-line rule: that an insurer's payment of policy benefits directly to an insured is the "business of insurance," but payment of policy benefits to anyone else (*i.e.*, a third party) is not the "business of insurance."

PHI's distinction — based on the entity to whom policy benefits are paid — is foreclosed by both common sense and Supreme Court authority.

**Common sense**: Some types of insurance pay policy benefits directly to an insured (*e.g.*, property), and other types of insurance pay benefits to third parties on the insured's behalf (*e.g.*, auto, general liability, health insurance). Texas workers' compensation insurance is both: it pays income-replacement benefits to the insured worker, and medical benefits to the provider, on the insured's behalf.

Both types of insurance operate in the same fundamental way in which all insurance operates: the transfer of the risk of a loss-causing event from the insured to the insurer in exchange for a premium.

3100560.v1

The Insurers' payments of medical benefits to providers like PHI is their discharge of the contractual duty that they acquired when they sold their policies and accepted the risk that workers will be injured and require medical care.

**Supreme Court authority**: *U.S. Treasury v. Fabe*, 508 U.S. 491, 505 (1993) held that an insurer's "actual performance of an insurance contract is an essential part of the 'business of insurance.'" The insurer "actually performs" under a policy by paying the benefits the policy requires. *Id*. at 504.

*Fabe*'s clear holding applies equally to both types of insurance — those that pay benefits to the insured, and those that pay benefits to a third party on the insured's behalf. *Fabe* made clear that "the actual performance of an insurance contract falls within the 'business of insurance' as we understood that phrase in [*Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982) and *Group Life & Health Ins. Co. v. Royal Drug Co*., 440 U.S. 205, 210 (1979)]," the cases on which PHI relies for its bright-line rule.

Neither *Fabe*, *Pireno*, nor *Royal Drug* supports the distinction that PHI urges. PHI cites *Eagle Med, LLC v. Cox*, 868 F.3d 893, 905 (10th Cir. 2017), which wrote that, under *Royal Drug*, an "insurance company's agreement with medical providers or pharmacies to fix prices" is not the business of insurance. Whatever the 10th Circuit meant by that non-binding dicta, it does not say that state regulations that (i) dictate the terms of an insurance policy, or (ii) regulate an insurer's performance of the policy, are *not* state regulations enacted for the purpose of regulating the business of insurance. *Fabe* held that both are. *Fabe* also expressly held that *Royal Drug* created "no doubt" about this. 508 U.S. at 503. *Eagle Med* did not cite *Fabe* or address its clarification of *Royal Drug*.

PHI also argues that the Texas Department of Insurance's writing of Texas policies to require payment of benefits in the amount "required [] by the Texas workers' compensation law" is not a state insurance regulation.

PHI again ignores *Fabe,* which described state laws that "prescribe[e] the terms of the insurance contract" as laws that "directly regulate the business of insurance." *Fabe*, 508 U.S. at 502-03.

PHI urges the Court to disregard this critical, state-imposed policy term as too "generic," or, as in oral argument, "only one sentence" that is "too attenuated." ***But it is the insurer's principal obligation under this insurance contract.***

2

And because this is the policy term that defines the scope of the risk being insured, it is, even under *Pireno*, the "business of insurance." *Pireno* held that "the fundamental principle of insurance" is "that the insurance policy defines the scope of risk assumed by the insurer from the insured." 458 U.S. at 131.[1]

In short, PHI's arguments are contrary to how insurance really works, and Supreme Court authority.

Sincerely,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation

By: *Matthew Baumgartner*
Matthew Baumgartner

---

[1] In other lines of insurance, insurers define the scope of the risk they assume by writing policy limits or claim limits into the contract. State law does not permit workers' compensation insurers to use these risk-defining tools, and instead defines the scope of the risk being insured by, *inter alia*, imposing "maximum allowable" medical benefits that must achieve "effective medical cost control." TEX. LAB. CODE § 413.011(d).

3100560.v1

**CERTIFICATE OF COMPLIANCE**

Pursuant to the parties' agreement, I certify that this Letter Brief contains 748 words, excluding the addressee, the case number and style, and signature block. The undersigned relied on the word count of MS Word, the computer program used to prepare the Letter Brief.

*/s/ Matthew Baumgartner*
Matthew Baumgartner

4

## CERTIFICATE OF SERVICE

I certify that on the 29th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using TexasOnline E-File System and certify that a true and correct copy of the foregoing was served electronically on the following counsel of record:

Craig T. Enoch
Amy Saberian
Shelby O'Brien
ENOCH KEVER PLLC
600 Congress Avenue, Suite 2800
Austin, Texas 78701
cenoch@enochkever.com
asaberian@enochkever.com
sobrien@enochkever.com


Lisa Bennett
State Bar No. 24073910
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512.936.2923 Telephone
512.474.2697 Telecopier
lisa.bennett@oag.texas.gov


*/s/ Matthew Baumgartner*
Matthew Baumgartner

3100560.v1